# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## AT BLUEFIELD

MAY 2 0 2003

MAREA OWENS and
EUGENE OWENS,

        Plaintiffs,

vs.                                        Civil Action No.: 1:03-0446

BUSH & BURCHETT,
BIZZACK, INC., and
MOUNTAIN COMPANIES,

        Defendants.

## NOTICE OF REMOVAL

TO:  Ms. Sally Childers, Clerk
       Circuit Court of McDowell County
       McDowell County Courthouse
       90 Wyoming Street, Suite 211
       Welch, West Virginia  24801

       Wayne L. Evans, Esquire
       Katz, Kantor, & Perkins, PLLC
       5th Floor Law and Commerce Building
       Post Office Box 727
       Bluefield, West Virginia  24701

       Christopher P. Bastien, Esquire
       Krista Karickhoff, Esquire
       Bastien & Lacy, L.C.
       Post Office Box 2151
       Charleston, West Virginia 25328

**NOTICE IS HEREBY GIVEN** to you in accordance with the provisions of 28 USC §1446 that defendants Bush & Burchett, Bizzack, Inc., and Mountain Companies hereby remove this action to the United States District Court for the Southern District of West Virginia on the following grounds:

1. On or about April 21, 2003, the West Virginia Secretary of State, acting as statutory agent for Bush & Burchett and Bizzack, Inc. received notice, dated April 16, 2003 that a Complaint had been filed in an action commenced in the Circuit Court of McDowell County, West Virginia entitled "Marea Owens and Eugene Owens, Plaintiffs, vs. Bush & Burchett, Bizzack, Inc., and Mountain Companies, Defendants." and therein bearing Civil Action No. 03-C-103-M. Bush & Burchett received actual notice on April 24, 2003 and Bizzack, Inc. received actual notice on May 6, 2003, each of which occurring when the Summons and Complaint was actually received. A certified copy of a docket sheet from the Circuit Court of McDowell, West Virginia is attached hereto as Exhibit A. Additionally, attached hereto as Exhibit B is a copy of the Complaint by which this action was commenced. These pleadings make up the entirety of the filings in the Circuit Court of McDowell County, West Virginia by any party in this action.

2. This is a civil action of which this Court has original jurisdiction because the plaintiffs' Complaint involves complete diversity of citizenship between the plaintiffs and all of the defendants in the amount in controversy exceeds the jurisdictional limits of this Court.

3. As the Complaint indicates, each of the plaintiffs is now and was at the time of the commencement of this action and at all other times relevant hereto have been a citizen and resident of the State of West Virginia.

4. Defendants are each citizens and residents of a state other than the State of West Virginia and no defendant is a citizen or resident of the State of West Virginia. Defendant Bush & Burchett is and was at the time of the commencement of this action and at all other times relevant hereto a corporation organized under the laws of the Commonwealth of Kentucky with its principal place of business located in Allen, Kentucky. Defendant Bizzack, Inc. is now and was at the time of the commencement of this action and at all other times relevant hereto a corporation organized under the laws of the Commonwealth of Kentucky with its principal place of business located in Lexington, Kentucky. Mountain Companies is a registered trademark and is not a separate entity. Mountain Companies is not a citizen or resident of the State of West Virginia. Nonetheless, Mountain Companies consents to and joins in the removal of this action.

5. In that plaintiffs are each citizens of West Virginia and defendants are citizens of Kentucky (and not West Virginia), complete diversity of citizenship in fact exists in this action.

6. The amount in controversy in the instant action, exclusive of interests and costs, is in excess of the sum of $75,000.00.

7. At the time of the filing of this Notice, the citizenship of all parties

remains unchanged.

8. Pursuant to the provisions of 28 USC §§1332 and 1441, the United States District Court has original jurisdiction over this action as there is complete diversity of citizenship and the matter in controversy exceeds the jurisdictional limits of this Court.

9. Pursuant to the provisions of 28 USC §1446(b), this Notice is filed within thirty days after receipt by the removing defendants of the initial pleading setting forth the claim upon which this action is based.

10. Pursuant to the provisions of 28 USC §1446(b), this action is being removed less than one (1) year after the commencement of the action.

11. Promptly after filing the Notice of Removal, the removing defendants will also file a copy of this Notice with the Clerk of the Circuit Court of McDowell County, West Virginia and serve the adverse parties with written notice of the filing of the Notice of Removal.

12. This removal is consented to by Bush & Burchett, Bizzack, Inc., and Mountain Companies, each of which joins in this Notice. A copy of Bush & Burchett's Consent to Remove is attached as Exhibit C.

**WHEREFORE**, this action is removed to the United States District Court for the Southern District of West Virginia, pursuant to the statutes of the United States. Please take notice that no further proceeding may be had in the Circuit Court of McDowell County, West Virginia unless and until this matter is remanded.

                                        BIZZACK, INC. AND
                                        MOUNTAIN COMPANIES
                                        By Counsel

_/s/ [signature]_

Michael B. Victorson (WVSBN: 3868)
Christopher D. Pence (WVSBN: 9095)
JACKSON KELLY PLLC
1600 Laidley Tower
P. O. Box 553
Charleston, WV 25322
(304) 340-1000
*Counsel for Defendants Bizzack, Inc.*
*& Mountain Companies*



```
              CASE 03-C-102           MCDOWELL

MAREA OWENS                    vs. BUSH & BURCHETT, INC.


LINE    DATE    ACTION

   1 04/16/03   COMPLAINT FILED, SUMMONS ISSUED, 30 DAYS SECRETARY OF STATE.
   2 05/13/03   SUMMONS FILED. ACCEPTED BY SECRETARY OF STATE ON BEHALF OF
   3            PAUL BURCHETT ON 4-21-03.
   4 05/13/03   GREEN RETURN RECIEPT CARD FOR PAUL BURCHETT ACCEPTED 4-24-03
   5            FILED.
   6 05/13/03   SUMMONS FILED. ACCEPTED BY SECRETARY OF STATE ON BEHALF OF
   7            DAVE WILSON ON 4-21-03.
   8 05/13/03   GREEN RETURN RECEIPT CARD FOR DAVE WILSON ACCEPTED 4-28-03
   9            FILED.
  10 05/13/03   SUMMONS FILED. ACCEPTED BY SECRETARY OF STATE ON BEHALF OF
  11            BIZZACK, INC. ON 4-21-03.
  12 05/13/03   GREEN RETURN RECEIPT CARD FOR BIZZACK INC. ACCEPTED 5-6-03
  13            FILED.
```

A TRUE COPY TESTE:
SALLY W. CHILDERS, CLERK
BY _____
                         ~~DEPUTY~~ CLERK



## IN THE CIRCUIT COURT OF MCDOWELL COUNTY, WEST VIRGINIA

Marea Owens and
Eugene Owens,                                      Plaintiffs

vs.                                            Civil Action No. 03-C-102-M

Bush & Burchett,
Bizzack, Inc., and
Mountain Companies,                          Defendants

### Complaint

NOW COME your Plaintiffs, Marea Owens and Eugene Owens, her husband, by their undersigned Counsel, Katz, Kantor & Perkins, PLLC, and Wayne L. Evans, attorney at law, and for their Complaint against Defendants Bush & Burchett, Bizzack Inc., and Mountain Companies, state and allege as follows:

1. Your Plaintiffs are now, and at all times relevant to the matters set forth herein have been, citizens and residents of Jolo in McDowell County, West Virginia.

2. Defendant Bush & Burchett is, upon information and belief of Plaintiffs, a firm organized and existing under and pursuant to the laws of the Commonwealth of Kentucky and at all times mentioned herein, said Defendant was qualified to do business and doing business in the state of West Virginia.

3. Bizzack Inc. is upon information and belief of your Plaintiffs, a corporation organized and existing under and pursuant to the laws of the Commonwealth of

KATZ, KANTOR
PERKINS, P.L.L.C.
TORNEYS AT LAW

1

Kentucky, and at all times mentioned herein said Defendant was qualified to do business and doing business in West Virginia.

4. Plaintiffs allege upon information and belief that Mountain Companies is an organization existing pursuant to the laws of the Commonwealth of Kentucky and at all times mentioned herein, said Defendant was qualified to do business and doing business in the state of West Virginia.

5. Plaintiffs allege that jurisdiction and venue are proper in this Court.

6. Plaintiffs allege that on or about the 24th day of April, 2002, at approximately 5:15 o'clock p.m. Defendants and each of them, by and through their respective agents, servants, employees and ostensible agents were working to remove a portion of a mountain that crossed the Levisa River as part of the Grundy Flood Control and Redevelopment Project. Said Defendants and each of them, by and through their respective agents, servants, employees and ostensible agents, set off an explosive blast which was of such force and power that it caused large amounts of rock and dirt to fly through portions of the downtown area of Grundy, Virginia, striking and damaging numerous buildings, including the Super Dollar Store, where Plaintiff Marea Owens was shopping. As a direct and proximate result of said explosion, and the flying debris set in motion thereby, Plaintiff Marea Owens sustained severe, permanent, and disabling injuries and damages as more particularly set forth below.

7. Plaintiffs allege that at the time of the explosion referred to above, Marea Owens was lawfully on the premises of the Super Dollar Store in Grundy, Virginia, and

KATZ, KANTOR
PERKINS, P.L.L.C.
TORNEYS AT LAW

2

that she had no prior notice or warning of said explosion. Plaintiffs further allege that they had no control of the operations of Defendants at the time of the explosion referred to above and that blasting operations on said date were wholly within the control and discretion of Defendants and each of them by and through their respective agents, servants, employees and ostensible agents.

### Count 1—Strict Liability

8. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 7 to the same extent as if set forth verbatim herein.

9. Plaintiffs allege that Defendants and each of them by and through their respective agents, servants, employees and ostensible agents, knew or should have known that blasting operations on the date and time mentioned above constituted an ultra and extra hazardous operation in that said Defendants and each of them, by and through their respective agents, servants, employees and ostensible agents, knew such an operation involved a risk of danger to others, including the Plaintiffs, and that such blasting operations constituted an activity that, regardless of preventive, cautionary steps which might be taken, still presented a risk, and that blasting is not an activity which is usually practiced in or upon property.

10. The blasting operations of Defendants and each of them, by and through their respective agents, servants, employees and ostensible agents on the afternoon of April 24, 2002, being a dangerous and ultra hazardous activity as aforesaid, directly and proximately resulted in severe, permanent and disabling injuries to the Plaintiff Marea Owens including but not limited to large and moderate size wounds on the

KATZ, KANTOR
PERKINS, P.L.L.C.
ATTORNEYS AT LAW

3

lateral aspect of her right thigh and right lower leg and multiple soft tissue injuries, all of which required hospitalization and medical treatment and which will continue to require such treatment and care in the future. As a further direct and proximate result of the actions of Defendants as alleged above, the Plaintiff Marea Owens has suffered severe and permanent scarring of her right leg and she has further suffered and will continue to suffer from nervousness, shock, emotional distress, anxiety and great pain of body and mind. As a further direct and proximate result of the actions of Defendants, Plaintiff Marea Owens has incurred bills and expenses for medical, hospital, physical therapy and other treatment from physicians and sundry health care providers and she will continue in the future to incur such bills and expenses. The aforementioned actions of Defendants have caused Plaintiff to incur various and sundry additional out of pocket expenses and have otherwise injured and damaged the Plaintiff Marea Owens.

### Count 2—Negligence

11. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 10 to the same extent as if the same were set forth verbatim herein.

12. Plaintiffs allege that the actions of Defendants and each of them, by and through their respective agents, servants, employees and ostensible agents, were taken without any notice or warning to the Plaintiffs or either of them, and in reckless disregard of the Plaintiff Marea Owens's life and safety, in that said Defendants and each of them by and through their respective agents, servants, employees and ostensible agents did carelessly, negligently, and unskillfully blast and blow out rocks

4

and other debris on to and upon the premises of the Super Dollar Store in Grundy, Virginia, on April 24, 2002, by the use of an excessively large and improper explosive charge, without taking proper precautions to prevent the said rock from being thrown on to said premises and into the Super Dollar Store where Plaintiff Marea Owens was shopping, and without giving proper notice or warning to persons in said store, and by reason thereof, a large rock and other debris were hurled with great force and violence through the air and into the place where Mrs. Owens was then shopping, thereby causing the injuries to Plaintiff Marea Owens as hereinafter alleged.

13. Plaintiffs allege that Marea Owens was lawfully upon the premises of the Super Dollar Store at the time of the explosion referred to above and that she is free from comparative or contributory negligence.

14. As a direct and proximate result of the actions of Defendants and each of them by and through their respective agents, servants, employees and ostensible agents, Plaintiff Marea Owens has suffered severe, permanent and disabling injuries including but not limited to large and moderate size wounds on the lateral aspect of her right thigh and right lower leg and multiple soft tissue injuries, all of which required hospitalization and medical treatment and which will continue to require such treatment and care in the future. As a further direct and proximate result of the actions of Defendants as alleged above, Marea Owens has suffered severe and permanent scarring of her right leg and she has further suffered and will continue to suffer from nervousness, shock, emotional distress, anxiety and great pain of body and mind. As a further direct and proximate result of the actions of Defendants, Plaintiff Marea

KANTOR
NS. P.L.L.C.
EYS AT LAW

Owens has incurred bills and expenses for medical, hospital, physical therapy and other treatment from physicians and sundry health care providers and she will continue in the future to incur such bills and expenses. The aforementioned actions of Defendants caused Ms. Owens to incur various and sundry additional out of pocket expenses and have otherwise injured and damaged Plaintiff Marea Owens.

### Count 3—Loss of Consortium

15. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 14 to the same extent as if set forth verbatim herein.

16. Plaintiff Eugene Owens alleges that as a direct and proximate result of the actions of Defendants and each of them by and through their respective agents, servants, employees and ostensible agents, all as alleged above, he has suffered the loss of service, companionship, society and consortium of his wife, Marea Owens.

WHEREFORE Plaintiffs demand judgment against Defendants and each of them jointly and severally in the amount of $1,000,000.00 together with punitive damages in the amount of $3,000,000.00 with interest thereon and for such other and further relief as to the Court may seem appropriate and just.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**



6

PLAINTIFFS MAREA OWENS, and
EUGENE OWENS

BY COUNSEL

*/s/ Wayne L. Evans*

Wayne L. Evans WV Bar #1142
Katz, Kantor & Perkins, PLLC
5th Floor Law and Commerce Building
P.O. Box 727
Bluefield, WV 24701
(304) 327-3551

C

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

MAREA OWENS and
EUGENE OWENS,

        Plaintiffs,

vs.                            CASE NUMBER: _____
                                  (Underlying Case No. 03-C-102-M
                                   Circuit Court of McDowell Co., WV)

BUSH & BURCHETT,
BIZZACK, INC. and
MOUNTAIN COMPANIES,

        Defendants.

## CONSENT TO REMOVE

        This day came Bush & Burchett, by their undersigned duly authorized and designated counsel, and affirmed and noted their consent and agreement to the removal of the present action, currently pending in the Circuit Court of McDowell County, West Virginia, designated as <u>Marea Owens and Eugene Owens vs. Bush & Burchett, Bizzack, Inc. and Mountain Companies</u>, Civil Action No. 03-C-102-M, to this Court, for the reasons stated in the accompanying Notice.

C0724736.1

DATED: May 19, 2003

                                                /s/ Krista Karickhoff

Christopher P. Bastien, Esquire (WVBA #262)
Krista Karickhoff, Esquire (WVBA #8894)
Bastien & Lacy, L.C.
Post Office Box 2151
Charleston, West Virginia 25328
(304) 345-1772

C0724736.1

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA

**MAREA OWENS and**
**EUGENE OWENS,**

        **Plaintiffs,**

vs.                             **Civil Action No.:**

**BUSH & BURCHETT,**
**BIZZACK, INC., and**
**MOUNTAIN COMPANIES,**

        **Defendants.**

### CERTIFICATE OF SERVICE

I, Michael B. Victorson, counsel for defendants Bizzack, Inc. and Mountain Companies, do hereby certify that on this the 20th day of May, 2003, a true copy of the **Notice of Removal** was served upon the following by regular United States Mail, first-class postage prepaid, addressed as follows:

        Wayne L. Evans, Esquire
        Katz, Kantor, & Perkins, PLLC
        5th Floor Law and Commerce Building
        Post Office Box 727
        Bluefield, West Virginia 24701
        *Counsel for plaintiffs*
        *Marea Owens and Eugene Owens*

Christopher P. Bastien, Esquire
Krista Karickhoff, Esquire
Bastien & Lacy, L.C.
Post Office Box 2151
Charleston, West Virginia 25328
*Counsel for defendant Bush & Burchett*

_____
Michael B. Victorson (WVSBN: 3868)